IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:12-CR-00007-F1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LESIA ROSHAD HORTON | ) | |
| | ) | |

This matter is before the court on Defendant Lesia Roshad Horton's *pro se* Motion Respectfully Requesting Reduction in Sentence Pursuant to the Holloway Doctrine [DE-23]. For the reasons stated below, Defendant's motion is DENIED.

## I. BACKGROUND

On November 5, 2012, Defendant Lesia Roshad Horton ("Horton") pleaded guilty to one count of Possession of a Firearm by a Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924. Horton was sentenced on February 21, 2013, to 92 months' imprisonment—a sentence at the bottom of his guidelines imprisonment range. On May 16, 2016, Horton filed the instant motion seeking a sentence reduction.

## II. LEGAL STANDARD

Once it has imposed a term of imprisonment, the court may modify that term in only three specific circumstances. *See* 18 U.S.C. § 3582(c). Those instances are: (1) upon a motion of the Director of the Bureau of Prisons; (2) pursuant to a Rule 35 motion brought by the government; and (3) pursuant to a sentencing range lowered by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(o). *Id.*

## III. DISCUSSION

Horton seeks relief from his sentence pursuant to what he terms the "Holloway Doctrine." Here, Horton refers to a case out of the Eastern District of New York—*Holloway v. United States*, 68 F. Supp. 3d 310 (E.D.N.Y. May 14, 2014). In that case, Petitioner Francois Holloway sought reconsideration of the court's denial of his § 2255 petition. Holloway was convicted of stealing three cars at gunpoint during a two-day carjacking spree. *Id.* at 312. Because of a trio of "stacked" § 924(c) mandatory-consecutive sentences, Holloway had received a sentence of 57 years. The judge in that case, United States District Judge John Gleeson, was troubled by the harsh impact of stacked sentences and impressed by Holloway's efforts to reform himself while in prison. "Recognizing that there were good reasons to revisit Holloway's excessive sentence but no legal avenues or bases for vacating it," Judge Gleeson issued an order "respectfully request[ing] that the United States Attorney consider exercising her discretion to agree to an order vacating two or more of Holloway's 18 U.S.C. § 924(c) convictions." *Id.* at 314. The United States Attorney at first declined to do so, but finally agreed after Judge Gleeson issued a second order asking her to reconsider. *Id.* With the United States Attorney's acquiescence, Judge Gleeson was able to vacate two of Holloway's § 924(c) convictions and impose a "more just" sentence. *Id.*

The court notes at the outset that the so-called "Holloway Doctrine" is not a doctrine at all, but a single case carrying no precedential weight in this court. More importantly, Horton's case is factually and procedurally different from Holloway's. Factually, Holloway was sentenced to 691 months' imprisonment under a pre-*Booker* mandatory sentencing guidelines scheme—a sentence Judge Gleeson was powerless to change, despite believing it to be fundamentally unjust at the time it was imposed. *See* Order of Feb. 25, 2013, *Holloway v. United States*, No. 01-cv-

1017, at 2 (E.D.N.Y.). Here, Horton's sentence of 92 months' imprisonment was imposed post-*Booker* under an advisory guidelines scheme. The court was able to consider the propriety and fairness of Horton's sentence at that time, and in doing so, imposed a sentence at the bottom of his guidelines imprisonment range. In short, Horton's case lacks the indicia of unfairness that Judge Gleeson perceived in Holloway's case. Assuming, *arguendo*, the relief Horton requests is within the court's power to grant, it would be inappropriate to do so under the facts presented here.

Procedurally, Horton's and Holloway's cases stand on different footing as well. Where Holloway's relief arose within the framework of a petition under 28 U.S.C. § 2255, the instant motion is more akin to a request for modification of sentence under 18 U.S.C. § 3582. Because Horton does not qualify for modification under any of the three circumstances enumerated in that section, the court has no authority to modify his sentence.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion Respectfully Requesting Reduction in Sentence Pursuant to the Holloway Doctrine [DE-23] is DENIED.

SO ORDERED.

This the _16_ day of June, 2016.

_James C. Fox_
JAMES C. FOX
Senior U.S. District Judge